**MILLER JOHNSON LAW**
Jon B. Miller, Esq. (SBN 099070)
jonbmiller@sbcglobal.net
Scott A. Johnson, Esq. (SBN 099024)
scottajohnson55@msn.com
427 "C" Street, Suite 410
San Diego, CA   92101
T:  (619) 232-0086 / F:  232-0089

**SETH M REISS, AAL, ALLLC**
Seth M. Reiss, Esq. (HI Bar No. 2774-0)*
seth.reiss@lex-ip.com
3770 Lurline Drive
Honolulu, Hawaii 96816
T:  (808) 521-7080 / F:  (808) 675-5805
*(Subject to Admission Pro Hac Vice)

Attorneys for Plaintiff
KIVA HEALTH BRANDS LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIVA HEALTH BRANDS LLC,<br><br>Plaintiff,<br><br>v.<br><br>KIVA BRANDS INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | CIVIL NO. '18CV2249 BAS MDD<br><br>COMPLAINT FOR:<br><br>1. TRADEMARK INFRINGEMENT<br>2. UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT §43(a);<br>3. DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §2201<br>4. UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW<br><br>JURY TRIAL DEMANDED |

COMPLAINT

COMES NOW Plaintiff KIVA HEALTH BRANDS LLC ("Plaintiff" or "Kiva"), by and through its attorneys above-named, and for a complaint for trademark infringement, unfair competition, deceptive trade practices and related claims, and for declaratory and injunctive relief and damages, against Defendant, and DOES 1 through 20 inclusive, alleges and avers as follows:

## THE PARTIES

1.  Plaintiff KIVA HEALTH BRANDS, LLC ("Kiva" or "Plaintiff") is, and at all relevant times herein was, a Nevada corporation having a principal place of business in Honolulu, Hawaii. Kiva is engaged in the distribution and sale of health and wellness foods and food supplements sourced from farmers that practice sustainable and eco-friendly farming methods. Kiva sources its food products globally, and sells its food products throughout the United States and many other countries throughout the world.

2.  Defendant KIVA BRANDS INC. ("Defendant Brands") is a Delaware corporation engaged in the manufacture, distribution and sale of cannabis containing confections. Defendant Brands has its principal place of business in or near San Francisco, and distributes its products throughout California, including the Southern District of California, and elsewhere.

3.  Upon information and belief, Defendants DOES 1 through 20, inclusive, are individuals, corporations, trusts, partnerships and/or other legal persons or entities who are sued herein under fictitious names for the reason that their true names and/or responsibilities are presently unknown to Plaintiff, except that they are connected in some manner with the named Defendant and/or used Plaintiff's marks or confusingly similar facsimiles thereof in conjunction with the distribution of food products and/or contributed to or are vicariously or otherwise responsible for all or a portion of the conduct and damages alleged herein. Plaintiff is unable at this time to ascertain the entire name(s) or part of the name(s) of the Doe Defendants. Plaintiff has made diligent and good faith efforts to

COMPLAINT
- 2 -

ascertain the identity, actions and liability of said unidentified Defendants, but has not been able to ascertain such identities. Plaintiff will identify said Defendants when they are discovered.

## JURISDICTION AND VENUE

4. This action arises under Sections 32 and 43 of the Lanham Act (15 U.S.C. §1114 and 1125). Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, as well as diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between Plaintiff Kiva and Defendant Brands and the amount in controversy exceeds $75,000.

5. This Court has jurisdiction over the person of Defendant Brands in that Defendant Brands is present and doing business, generally, in the State of California, and/or because Defendant Brands has had significant contacts with the State of California and/or because the causes of action alleged herein, and injuries Plaintiff has suffered, relate directly to and result directly from Defendant Brands contacts with the Stale of California.

6. Venue is proper in the Southern District of California, pursuant to 28 U.S.C. § 1391(b), because Defendant Brands resides in the Southern District of California, and/or because the events giving rise to the claims asserted herein occurred in substantial part within this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

7. As early as October 2010, Plaintiff adopted the name and mark KIVA (the "KIVA Brand") for the purpose of promoting, offering to sell and selling food products, including food supplements, in interstate and international commerce. Plaintiff's KIVA Brand has been accessible on the world wide web, including to Internet users in California, in relation to the promotion of Plaintiff's food products, including food supplements, continuously since October 2010. Plaintiff has been using the KIVA Brand on and in relation to goods sold in interstate and

international commerce, including sales into the state of California, continuously since at least March 2012, and on food products, including food supplements, since at least February 2013.

8. Beginning in or about February 2013, Plaintiff began selling food products including food supplements under the name and mark KIVA. Plaintiff has continuously since February 2013 used the name and mark KIVA (the "KIVA Brand") on or in relation to food products sold in interstate and international commerce.

9. Plaintiff has expended considerable time, money and effort in promoting its KIVA Brand. Plaintiff uses its KIVA Brand on product, on product packaging, on signage, advertising, and other promotional and publicity materials, in social media and on its website located at www.kivahealthfood.com.

10. As a result the widespread availability of KIVA branded food products, the quality of the products and KIVA's reputation for healthy, non-GMO products sourced from eco-friendly farmers, the KIVA Brand is widely recognized as a source for safe, healthy and environmentally friendly food products and food supplements. The KIVA Brand represents substantial goodwill and holds considerable value to Plaintiff and the success of Plaintiff's healthy food distribution business.

11. Plaintiff owns the following federal trademark registrations for marks that consist of the word KIVA.

| Mark | Reg. No. | Reg. Date | Class/Goods |
|------|----------|-----------|-------------|
| KIVA | 4514257 | 4/15/2014 | 005: nutritional food supplements<br>029: organic foods, i.e., powders<br>030: organic foods, i.e., powders and spices |
| KIVA | 4804607 | 9/1/2015 | 029: organic foods, i.e., powders, berries, seeds<br>030: honey |

| Mark | Reg. No. | Reg. Date | Classes/Goods |
|---|---|---|---|
| KIVA | 5108487 | 12/27/2016 | 003: oils, lotions, cosmetics, etc.<br>005: food supplements for health, etc.<br>029: dried fruits and snacks, etc.<br>030: candy, honey, spices, etc.<br>032: fruit drinks, concentrates, etc. |

Accurate copies of the certificates for these federal trademark registrations are attached to this complaint as Exhibit "1".

12. Defendant Brands uses the name and mark KIVA and KIVA CONFECTIONS, on and in conjunction with the manufacture, offer for sale, sale and distribution of food products, namely confections, that contain cannabis.

13. Defendant Brands uses the name and mark KIVA and KIVA CONFECTIONS on product, product packaging, signage, advertising and promotional materials, on its website located at http://kivaconfections.com, in social media including, for example, on Istagram @ madebykiva, and in other manners, in conjunction with Defendants' distribution and sale of its cannabis containing food products.

14. On January 11, 2017, Defendant Brands filed an intent to use application with the United States Patent and Trademark Office to register the mark KIVA in class 044, for "providing a website featuring health, wellness, and nutritional information, news, and commentary all in the field of herbal remedies, medical benefits of cannabis, medical cannabis strains, therapeutic uses and indications, and effects of medical cannabis." Defendant's intent to use application was given application no. 87297240 and is currently pending.

15. Defendant Brands' KIVA and KIVA CONFECTIONS names and marks are identical or substantially the same as Plaintiff's KIVA name and mark.

16. Defendant Brands' cannabis containing food products appear to overlap, or appear to be closely related to, the food products and food supplements distributed and sold by Plaintiff under its KIVA Brand and for which Plaintiff owns federal trademark registrations.

17. Defendant Brands' use of the names and marks KIVA and KIVA CONFECTIONS on and in relation to its cannabis containing food products is confusing, misleading, and deceiving consumers as to the source and origin of Defendant Brands' cannabis containing food products relative to Plaintiff's healthy, eco-friendly food products.

18. Defendant Brands' use of the names and marks KIVA and KIVA CONFECTIONS on and in relation to its cannabis containing food products is confusing, is causing consumers to erroneously believe there is a relationship between Defendant Brands and its cannabis containing food products, and Plaintiff Kiva and its healthy, eco-friendly food products.

19. Consumers and prospective customers have contacted Plaintiff expressing concern and frustration believing that Plaintiff's food products and supplements, marketed as healthy and eco-friendly, contain cannabis or other regulated substances.

20. Defendant Brands' use of the names and marks KIVA and KIVA CONFECTIONS on and in relation to its cannabis containing food products tarnishes the positive reputation of Plaintiff and its healthy, eco-friendly food products.

21. Defendant Brands' use of the names and marks KIVA and KIVA CONFECTIONS on and in relation to its cannabis containing food products misappropriates Plaintiff's goodwill and customer base.

22. Defendant Brands' announced proposed use of the mark KIVA in relation to a website featuring health, wellness, and nutritional information, news, and commentary is likely to further confuse consumers as regards Defendant Brands and its cannabis containing food products and Plaintiff Kiva and its healthy, eco-friendly food products.

23. Plaintiff never gave Defendant Brands any authorization, permission or consent to use Plaintiff's KIVA mark on or in relation to food products, a

website featuring health, wellness and nutritional information, or otherwise.

## FIRST CLAIM FOR RELIEF
### (For Trademark Infringement in Violation of Sections 32 et seq. of the Lanham Act)

24. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

25. Plaintiff's KIVA mark listed in paragraph 11 above constitutes a registered mark within the meaning of Sections 32 et seq. of the Lanham Act, 15 U.S.C. §§ 1114 et seq.

26. The registrations listed in paragraph 11 above constitute prima facie evidence of validity of the KIVA mark and of the registrations of the KIVA mark, of Plaintiff's ownership of the KIVA mark, and of Plaintiff's exclusive right to use the KIVA mark, or any similar marks, in commerce on or in connection with the goods specified in the registrations. 15 U.S.C. § 1115(a).

27. Defendant Brands' use of the identical and substantially similar KIVA and KIVA CONFECTIONS names and marks on and in relation to cannabis containing food products, without Plaintiff's authorization, permission and consent, is likely to, has caused, and will continue to cause consumer confusion, deception and mistake, in relation to Plaintiff and Plaintiff's healthy, eco-friendly food products. Defendant Brands use of the KIVA and KIVA CONFECTIONS names and mark in these and other manners constitute an infringement of Plaintiff's federally-registered KIVA mark within the meaning of 15 U.S.C. § 1114.

28. Upon information and belief Defendant Brands' acts of infringement described above, or some of them, were carried out with the knowledge that Plaintiff is the owner of the KIVA mark. Thus, in doing the acts complained of herein, Defendant Brands has willfully and intentionally infringed Plaintiff's rights

under the Trademark Laws of the United States. 15 U.S.C. §§ 1114 et seq.

29. Defendant Brands' wrongful acts have caused and will continue to cause immediate and irreparable injury to Plaintiff, which injuries are not adequately compensable by monetary damages. Plaintiff is entitled to preliminary and permanent injunctive relief restraining Defendant Brands, and its respective officers, directors, shareholders, agents, employees, representatives and all persons acting in concert with it, from, among other things, using the KIVA mark, whether in the form of KIVA or KIVA CONFECTIONS, in commerce or otherwise, or any other such mark which is likely to, by unfair and deceptive means, confuse consumers and the general public as to the source or origin of Defendant Brands' goods, or as to whether Plaintiff is affiliated with, sponsors, is associated with, or approves of Defendant Brands, or vice versa, or their respective goods.

30. As a further result of Defendant Brands' conduct, Plaintiff has suffered and will continue to suffer significant monetary damages, including without limitation lost profits and damage to its goodwill and business reputation. Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant Brands' conduct, but will prove such damages at trial.

31. As a further result of Defendant Brands' infringing conduct, Plaintiff is entitled to recover the gains, profits and advantages Defendant Brands has obtained as a result of its infringement. The amount of such gains, profits and advantages is at the present time unknown to Plaintiff but will be proven at trial.

32. Upon information and belief, Defendant Brands' conduct was reckless, knowing, intentional and/or malicious. Accordingly, pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendant Brands in an amount equal to three (3) times either the profits Defendant Brands has earned or the damages sustained by Plaintiff.

33. In addition, Plaintiff is entitled to recover its attorneys' fees and costs

pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
### (For Federal Unfair Competition in Violation of Section 43(a) of the Lanham Act)

34. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

35. Defendant Brands' use of the identical and confusingly similar marks KIVA and KIVA CONFECTIONS, on and in conjunction with cannabis containing food products, has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant Brands' goods are manufactured and distributed by Plaintiff, or are affiliated, connected or associated with Plaintiff, or have sponsorship, endorsement or approval of Plaintiff.

36. Defendant Brands' use in commerce of the KIVA and KIVA CONFECTIONS names and marks on and in conjunction with cannabis containing food products is tarnishing and is likely to continue to tarnish the positive reputation of Plaintiff's KIVA Brand by degrading the positive associations of the KIVA Brand with Plaintiff and its healthy and eco-friendly food products.

37. Defendant Brands has caused and will continue to cause irreparable injury to Plaintiff's goodwill and business reputations, and tarnish Plaintiff's KIVA Brand.

38. Defendant Brands has made false representations, false descriptions, and false designations of origin, on, or in connection with its cannabis containing goods in violation of 15 U.S.C. § 1125(a). Defendant Brands' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and positive reputation as symbolized by Plaintiff's

KIVA mark, for which Plaintiff Kiva has no adequate remedy at law.

39. Defendant Brands' actions demonstrate an intentional, willful, and malicious intent to trade on and tarnish the goodwill associated with Plaintiff's KIVA Brand to the great and irreparable injury of Plaintiff Kiva and its KIVA Brand.

40. Defendant Brands' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendant Brands' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### THIRD CLAIM FOR RELIEF
**(For Declaratory Relief Relative to Defendant's Pending Trademark Application)**

41. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

42. Defendant Brands' announced, in the context of USPTO trademark application no. 87297240, that it intends to use the KIVA mark in conjunction with a website featuring health, wellness, and nutritional information, news, and commentary. These class 044 services are closely related to Plaintiff's healthy food products, and the mark in question is identical to Plaintiff's registered KIVA mark.

43. Defendant Brands' intended use of the KIVA mark in conjunction with the identified class 044 services is likely to cause consumer confusion, deception and mistake, in relation to Plaintiff and Plaintiff's health, eco-friendly food products, rendering Defendant's trademark application no. 87297240 ineligible for registration pursuant to 15 U.S.C. § 1052(d).

## FOURTH CLAIM FOR RELIEF
### (For Unfair and Deceptive Trade Practices Under State Law)

44. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

45. Defendant Brands has been and is passing off its goods as those of Plaintiff Kiva's, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendant Brands' goods, causing a likelihood of confusion as to Defendant Brands' affiliation, connection, or association with Plaintiff, and otherwise damaging the public.

46. Defendant Brands' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California, CAL. BUS. & PROF. CODE § 17200, et seq., and Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5.

47. Defendant Brands' unauthorized use of a confusingly similar imitation of Plaintiff's KIVA mark has caused and is likely to cause substantial injury to the public and to Plaintiff. Plaintiff Kiva, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

WHEREFORE, Plaintiff KIVA HEALTH BRANDS LLC prays for judgment against Defendant KIVA BRANDS INC., and against any Defendant DOES 1-20 as may be identified prior to judgment, jointly and severally, as follows:

1. A declaration that the Defendant Brands' use of the KIVA and KIVA BRANDS names and marks, including in the domain name kivaconfections.com, and including in social media, in conjunction with Defendants' manufacture, offer for sale, sale and distribution of food products, including cannabis containing food products, infringes upon and tarnishes Plaintiff's trademark rights, constitutes

unfair competition under federal law, and unfair and deceptive trade practices under state law, and is there unlawful;

2. A declaration that Defendant Brands' USPTO Application No. 87297240 for the mark KIVA in class 044 conflicts with Plaintiff's rights in the KIVA Brand and therefore should be refused under Section 2(d) of the Lanham Act, and an order directed to the Commissioner of Trademarks to refuse Defendant Brands' pending USPTO Application No. 87297240.

3. A preliminary and permanent injunction enjoining and restraining Defendant Brands, and Defendant Brands' respective officers, directors, shareholders, agents, employees, representatives and all persons acting in concert with it, from, among other things, using the KIVA and KIVA CONFECTIONS names and marks, in conjunction with the manufacture, offer for sale, sale and distribution of food products, including cannabis containing food products, or in conjunction with a website featuring health, wellness, and nutritional information, news, and commentary, in commerce or otherwise, or any other such name or mark that, by unfair and deceptive means, confuses consumers and the general public as to the source or origin of Plaintiff's and Defendant's respective goods and services, or as to whether Plaintiff is affiliated with, sponsors, is associated with or approves of Defendant or its goods or services;

4. Compensatory damages, figured in terms of the injury suffered by Plaintiff, or the gains and profits reaped by Defendant, or both, in an amount to be established at trial;

5. Exemplary damages measured by trebling compensatory damages, as authorized by law;

6. Plaintiff's attorneys' fees, as authorized by statute;

7. Plaintiff's costs, prejudgment interest and such other and further relief as the Court deems just and appropriate in the circumstances.

## JURY TRIAL DEMAND

Plaintiff Kiva respectfully demands a trial by jury on all claims and issues so triable.

DATED: September 26, 2018     **MILLER JOHNSON LAW**

By: /s/ Jon B. Miller
Jon B. Miller, Esq.
Scott A. Johnson, Esq.
Attorneys for Plaintiff