BRETT SCHUMAN (SBN 189247)
BSchuman@goodwinlaw.com
JENNIFER BRIGGS FISHER (SBN 241321)
JFisher@goodwinlaw.com
JEREMY LATEINER (SBN 238472)
JLateiner@goodwinlaw.com
NICHOLAS COSTANZA (SBN 306749)
NCostanza@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California  94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

Attorneys for Defendant and Counterclaimant
KIVA BRANDS INC.

Diana Hughes Leiden (SBN 267606)
DHLeiden@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Laura M. Franco (SBN 186765)
LFranco@winston.com
Leah Romm (SBN 328393)
LRomm@winston.com
**WINSTON & STRAWN LLP**
101 California Street, 34th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Plaintiff and Counter-Defendant
KIVA HEALTH BRANDS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KIVA HEALTH BRANDS LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>KIVA BRANDS INC.; and DOES 1 through 20, inclusive,<br><br>             Defendant. | Case No. 3:19-cv-03459-CRB<br><br>**JOINT DISCOVERY LETTER**<br><br>Judge: The Honorable Kandis A. Westmore |
| KIVA BRANDS INC,<br><br>             Counterclaimant,<br><br>     v.<br><br>KIVA HEALTH BRANDS LLC,<br><br>             Counter-Defendant. | |

1  Defendant and Counterclaimant Kiva Brands Inc. and Plaintiff and Counter-Defendant
2  Kiva Health Brands LLC hereby attest that on February 22, 2021, they met and conferred via
3  videoconference prior to filing this letter, and have complied with Section 9 of the Northern
4  District's Guidelines for Professional Conduct regarding discovery prior to filing this joint letter.

Dated:   March 4, 2021                    GOODWIN PROCTER LLP

By: /s/ Brett Schuman
    Brett Schuman
    Jennifer Briggs Fisher
    Jeremy Lateiner
    Nicholas Costanza

Attorneys for Defendant/Counterclaimant
KIVA BRANDS INC


Dated:  March 4, 2021                     WINSTON & STRAWN LLP

By: /s/ Laura M. Franco
    Diana Hughes Leiden
    Laura M. Franco
    Leah Romm

Attorneys for Plaintiff/Counter-Defendant
KIVA HEALTH BRANDS LLC



Brett Schuman
+1 415 733 6021
BSchuman@goodwinlaw.com

Goodwin Procter LLP
Three Embarcadero Center
San Francisco, CA  94111

goodwinlaw.com
+1 415 733 6000

March 4, 2021

**VIA ECF FILING**

Magistrate Judge Kandis A. Westmore
U.S. District Court for the Northern District of California, Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

Re:   Kiva Health Brands LLC v. Kiva Brands Inc., Case No. 3:19-cv-03459-CRB

Dear Judge Westmore:

Pursuant to the Court's Standing Order, the parties set forth below their unresolved discovery dispute.

1. **Summary of Issue**

Kiva Brands Inc. ("KBI") asserts Kiva Health Brands LLC ("KHB") waived the attorney-client privilege in KHB's response to KBI's Interrogatory No. 6 (*see* **Ex. 1**) with respect to communications between KHB and its trademark counsel about whether KHB's Kiva mark was available for registration. KHB denies that there was any waiver. At depositions in February 2021, KHB's counsel instructed KHB's founder and CEO Tchad Henderson and KHB's former trademark attorney John Russell (dba Allmark Trademark) not to answer questions relating to communications between them.[1] In addition, in response to a document subpoena, Allmark Trademark redacted and withheld documents on privilege grounds. *See* **Ex. 2**. The documents that Mr. Russell withheld from production are reflected on Allmark Trademark's privilege log. *See* **Ex. 3**.

2. **KBI's Position**

KHB has sold health foods under the Kiva brand since 2013; KBI and its predecessor, Indica, have sold cannabis-infused chocolate bars under the Kiva brand since 2010. KHB filed suit in September 2018, asserting KBI is infringing on KHB's registered Kiva mark. Dkt. 1. In 2019, KBI filed an answer, including a laches defense, and counterclaims for willful infringement of KBI's California trademark registration, asserting that if there is any likelihood of confusion, then KBI (not KHB) is entitled to relief as the senior use of the mark. Dkt. 8, 10. In response to an interrogatory served early in the case asking KHB to describe what due diligence it did prior to applying to register all "KHB Marks" (including marks KHB applied for in 2013 and 2016), KHB stated that prior to filing for registration of these marks, it "retained an online trademark company [Allmark Trademark] to register the Kiva mark, ***which company advised KHB that it had searched the mark and concluded that the mark was available***

---

[1] The parties are willing to lodge the transcripts of the depositions if the Court would like to see them.  Only rough copies of the transcripts are available at this time.



*for registration*." **Ex. 1** (emphasis added).[2] Later in 2019, the parties filed cross-motions for summary judgment on KBI's laches defense. Dkt. 63, 64. In connection with those motions, Mr. Henderson submitted a declaration stating he had never heard of "a company offering cannabis-infused edibles under the 'KIVA' name" until "in or around June 2015." Dkt. 66-1, ¶ 13. Judge Breyer denied the summary judgment motions on this issue. However, as reflected in the Order, if KHB knew about KBI and a threat of consumer confusion prior to September 26, 2014 (i.e., 4 years before KHB filed suit), then KHB's claims are presumptively barred by the doctrine of laches. Dkt. 74, at 9:20-24, 10:25-4.

Mr. Henderson's summary judgment declaration was false. Since he filed that declaration, additional evidence has come to light showing that Mr. Henderson communicated with his trademark counsel, Mr. Russell, as early as <u>August 2013</u> regarding KBI's business and products. Just last month, KHB produced a trademark search report that appears to have been prepared in August 2013, lists Mr. Russell as the custodian, and includes an entry relating to the California trademark registration that KBI's predecessor, Indica, held for the Kiva mark for "confectioneries, chocolate and chocolate-based foods."[3] After receiving this report, KBI subpoenaed Allmark Trademark and Mr. Russell for documents and a deposition. KHB's current counsel, Winston, served objections and a privilege log on behalf of Allmark Trademark and Mr. Russell. *See* **Exs. 2, 3.** Here's an illustrative example from the log:

| 11. | January 14, 2014 | 20210203 ALLMARK 0000027 | Tchad Henderson | John E. Russell | N/A | Direct Hit Search Summary for SUPERFOOD FOR A HEALTHIER YOU | Email correspondence requesting legal advice relating to website selling Kiva chocolate bar | Attorney-Client Privilege |

At recent depositions, Winston instructed both KHB's Mr. Henderson and Mr. Russell not to answer questions about the 2013 and 2014 trademark search, and communications between them.[4] Having waived the attorney-client privilege regarding trademark searches and related advice in response to KBI's willful infringement claim, KHB cannot withhold relevant evidence on those topics.[5] "There are two primary ways in which a party can waive the attorney-client privilege. First, a party may implicitly waive the privilege by asserting a claim or defense that relies on privileged materials as its basis … [¶] Second, … a party may expressly waive the attorney-client privilege." *Dukes v. Wal-Mart Stores, Inc.*, No. 01-CV-2252 CRB JSC, 2013 WL 1282892, at *6 (N.D. Cal., Mar. 26, 2013) (citations omitted). KHB waived the privilege in both of these ways.

---

[2] Below, KHB argues it did not waive privilege when it provided a "forthright discovery response." But Interrogatory No. 6 did not ask KHB for communications with its counsel. KHB knowingly and intentionally disclosed its counsel's advice in its response because it was defending against KBI's willful infringement claim.

[3] Below, KHB says the entry was for a company named "Ludica," but that was just a type-o in the report. The "Ludica" entry includes the registration ID number for the mark. If KHB looked up that registration, it would have seen that the owner of the mark is Indica, and Indica does business as "Kiva Confections." Indica became KBI.

[4] For example, KHB's counsel allowed Mr. Henderson to answer whether he ever discussed Exhibit 16 (the search results) with Mr. Russell, to which Mr. Henderson responded he has "no recollection of discussing that," but then instructed Mr. Russell not to answer the same question. KHB's counsel allowed Mr. Henderson to answer whether he received Exhibit 16 prior to KHB's first federal trademark application, to which Mr. Henderson response: "Not that I recall." KHB's counsel would only let Mr. Russell testify that he provided search results to Mr. Henderson, but instructed Mr. Russell not to disclose *when* those reports were provided. KHB answered an interrogatory asking it to identify when it first communicated with counsel about KBI; however, KHB's counsel instructed Mr. Russell not to answer the same question.

[5] Contrary to KHB's argument below, this is a classic example of using the privilege as both a sword and a shield. To defend against KBI's willful infringement claim, KBI is relying on advice from its counsel, yet it is asserting privilege and refusing to produce communications with its counsel that may be relevant to other issues.



"[V]oluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject." *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 24 (9th Cir. 1981). Here, KHB voluntarily disclosed in an interrogatory response that Allmark Trademark "advised KHB that it had searched the mark and concluded that the mark was available for registration." Mr. Russell's advice necessarily includes an opinion that the mark was also available for use and had a low risk of conflict with other uses of the mark. By disclosing Mr. Russell's advice relating to whether KHB could register the Kiva mark in 2013, KHB waived the attorney-client privilege as to that subject matter. *See Dukes*, 2013 WL 1282892, at *7 ("Once the proverbial cat is out of the bag, the client has defeated the underlying purpose of maintaining confidentiality and therefore the communications are no longer worthy of protection.").

Further, Mr. Henderson recently testified that he relied on Mr. Russell's advice in registering the Kiva mark. While Winston argues KHB is not relying on the advice of counsel defense, KHB clearly was relying on the defense when represented by prior counsel to respond to KBI's willful infringement claim. *See* **Ex. 1**; *Monster Energy Company v. Integrated Supply Network, LLC*, No. EDCV1700548CBMRAO, 2018 WL 6133717, at *1 (C.D. Cal., June 18, 2018) ("When a party relies on an advice-of-counsel defense in response to an assertion of willful infringement, attorney-client privilege is waived as to all communications on the same subject. The waiver applies to all communications on the same subject matter and is not limited to a specific communication. 'Subject matter waiver … mean[s] all opinions of the specific issue of advice asserted as the defense ….'") (citations omitted). As in *Monster Energy*, the subject matter waiver here extends to all advice regarding the use and registration of the Kiva mark and also extends to KHB's subsequent trademark counsel, Mr. Reiss. *Id.* at *4, 7.[6]

KBI requests the Court (1) find that KHB waived the attorney-client privilege regarding 2013 and 2014 communications between Mr. Henderson and Mr. Russell about whether the Kiva mark was available for registration and use; (2) order KHB and Allmark Trademark to produce the documents they are withholding; and (3) order that Mr. Henderson and Mr. Russell be deposed again on the foregoing subject matters, at KHB's expense, and answer the questions they were instructed not to answer.

3. **KHB's Position**

KHB has not "implicitly" or "explicitly" waived the attorney-client privilege by truthfully responding to an interrogatory early in this proceeding. KHB has not implicitly waived any privilege because it has not asserted any defense that requires reliance on the advice of counsel. It did not raise advice of counsel in its briefing in support of its motion to dismiss certain of KBI's counterclaims (Dkt. 21 at 26-28; Dkt. 27) (granted at Dkt. 52), nor in response to KBI's preliminary injunction or summary judgment motions (Dkt. 28; Dkt. 66), nor in its answer to KBI's Second Amended Counterclaims (Dkt. 100). Tellingly, KBI has not pointed to a specific instance in which KHB asserted the advice of counsel defense, because it cannot; there is none. Rather, KHB's asserted defenses are based on objective facts relating to its priority of use. Dkt. 52 at 31-32 ("[KBI] cannot demonstrate that it made lawful use of the mark in commerce prior to" KHB); Dkt. 98 at 9-12; Dkt. 100. Mr. Henderson's deposition testimony, taken out-

---

[6] Unlike *Brown v. Brewer*, KHB disclosed the substance of an attorney-client communication while asserting the advice of counsel defense. And, unlike *Volterra Semiconductor Corp. v. Primarion, Inc.*, KHB voluntarily disclosed the communication; it wasn't compelled to do so in response to a court order. Further, KHB's suggestion that waiver cannot apply to communications after its first trademark application in 2013 is incorrect. Interrogatory No. 6 was not directed at only the 2013 application; it applied to *all* "KHB Marks" (including 2016 application). And, KHB stated in response it relied on counsel's advice as to the "KHB Marks" without any limitation. In *Monster Energy*, the Court "decline[d] to impose [the same] separate time-based limitation" that KHB seeks to impose here regarding communications as to the same subject matter after 2013. 2018 WL 6133717, at *4.



of-context, does not amount to an advice of counsel defense. Instead, Mr. Henderson merely confirmed the fact that Mr. Russell provided advice and KHB followed that advice. In fact, KHB has repeatedly represented to KBI that it is not relying on an advice of counsel defense to KBI's counterclaims. In light of such representations, it is inappropriate to find a waiver of the attorney-client privilege.

The facts here are similar to those in *Brown v. Brewer*, 2009 WL 10655613 (C.D. Cal. May 19, 2009). There, the defendants admitted in discovery that the advice on which they relied to pursue a corporate merger was provided by their counsel, but refused to answer deposition questions regarding that advice on the grounds of privilege. In opposing the plaintiff's motion to compel on the grounds of waiver, defendants confirmed that they were not relying on an advice of counsel defense, but rather on a defense that was based on objective, non-privileged facts available to the plaintiff through normal discovery. At a hearing, the defendants confirmed to the Court that they were not relying on an advice of counsel defense. Based on their representations, the Court upheld the privilege and denied plaintiff's motion to compel. *Id.* at *2 ("[I]n light of the fact that defendants have unambiguously asserted that they do not intend to rely on an advice of counsel defense, the Court cannot conclude that defendants have implicitly waived the attorney-client privilege"). *See also Volterra Semiconductor Corp. v. Primarion, Inc.*, 2013 WL 1366037, at *1 (N.D. Cal. April 3, 2013) (no waiver of attorney-client privilege where party truthfully responded to an interrogatory did not rely on an advice of counsel defense).

The facts in *Monster Energy,* on which KBI relies, are quite different. There, the defendant *was* relying on an advice of counsel defense to willful infringement and produced its lawyer's opinion letter comprised of attorney work product to demonstrate its good faith in pursuing a "monster" mark. *Monster Energy,* 2018 WL 6133717, at *3. The Court held that the production waived the privilege with respect to its use and registration of the mark. *Id.* at *3-4. Here, KHB has not produced any privileged documents, nor has KHB asserted any defense based on its reliance on any advice from counsel. KHB is not attempting to use the fact of attorney advice as both a "sword and a shield," as in the *Monster Energy* case. As KHB's subsequent written discovery responses, declarations and deposition testimony demonstrate, KHB can readily point to a plethora of other non-privileged evidence supporting its asserted defenses, none of which relate to any advice received from counsel. Accordingly, KHB has not waived any privilege.

Neither has KHB "explicitly" waived any privilege by responding to Interrogatory No. 6. In fact, KHB expressly asserted the attorney-client and work product privileges in its objection to the Interrogatory. *See* **Ex. 1**.

Even if this Court finds that a waiver occurred (which is not supported by the facts or relevant case law), such waiver could only relate to "communications about the matter actually disclosed," namely, the <u>registrability</u> of KHB's KIVA mark in 2013. *Weil*, 647 F.2d at 25. KHB's response to Interrogatory No. 6 was directed only to the availability of the mark for *registration*, nothing more. *See* **Ex. 1**. Thus, it could not be the basis for a wholesale waiver of privilege related to *all* communications with *all* counsel related to KHB's mark. Yet KBI argues for just that. For instance, KBI's assertion that Mr. Russell's advice on registration "necessarily includes" an opinion on "use and . . . a low risk of conflict with other uses of the mark" is baseless and absurd. As the Court is aware, the scope of review by the U.S. Patent and Trademark Office in determining registrability of a mark is different than determining the risk of challenge from using the mark. Further, either evaluation will change over time, given changes in the market landscape, and the advent or abandonment of similar marks. KBI further asserts that KHB's interrogatory response waived the attorney-client privilege with respect to conversations regarding KHB's first knowledge of KBI, *the basis for KBI's laches defense*. In fact, there is no logical connection between KHB's interrogatory response and its first knowledge of KBI, as KBI was not even in existence

4

Case 3:19-cv-03459-CRB   Document 113   Filed 03/04/21   Page 7 of 8



until 2014. *See* Dkt. 74 at 4:7 (citing Palmer MPI Decl. ¶ 10). And because KBI's use of the KIVA mark with products illegal under federal law prohibit it from challenging KHB's right to a federal trademark registration (Dkt. 74 at 13:28-14:2), any discussions regarding KBI or its mark cannot relate to availability of KHB's mark for registration, and could not come within the scope of the purported waiver.

KBI's counsel's claim above that Mr. Henderson communicated with Mr. Russell "as early as August 2013 regarding KBI's business and products" is similarly baseless. KBI was not in existence until 2014. The Allmark privilege log states that the discussion was about a website selling a Kiva chocolate bar; it does not state that they were discussing KBI, Indica or anything other than the website. While the trademark search report entry referred to above and shown below may have been a typo (see note 3 above), there is no way for KHB or Mr. Russell to know that, and there is no basis for KBI to assume that Mr. Russell could have or should have conducted further investigation. Indeed, a state trademark registration would not bar issuance of a federal trademark registration, so there would be no need to further investigate this registration.

```
25. KIVA, (WORDS ONLY), 79100614, REGISTEREDNOT AVAILABLE, CONFECTIONERIES,
CHOCOLATE AND CHOCOLATE-BASED FOODS, CALIFORNIA, 00114441, NOT AVAILABLE ,
LUDICA, (CALIFORNIA CORPORATION), 2107 A LIVINGSTON STREET, OAKLAND, CA 94606,
AS OF March 30, 2011, © 2013 CT Corsearch. All Rights Reserved.
```

KBI's ill-supported waiver argument makes clear that it is improperly trying to use KHB's forthright discovery response to elicit privileged communications between KHB and its counsel in order to support KBI's own defenses—despite the fact that KHB has repeatedly told KBI that it is not relying on an advice of counsel defense.[7] There is simply no legal basis for this.

Finally, KHB served the disputed interrogatory response on April 8, 2019. Yet KBI waited nearly two years, until February 9, 2021, to raise the waiver issue. Rather than resolve this dispute prior to Mr. Henderson's and Mr. Russell's depositions, KBI chose to proceed with the depositions despite KHB's counsel explicitly advising KBI's counsel that KHB would assert privilege at those depositions, suggesting that the parties suspend Mr. Russell's deposition until after the Court resolved this dispute, and offering to provide a declaration from Mr. Russell on any non-privileged topics. Now, through its questionable litigation strategy, KBI seeks to inconvenience Mr. Russell, a third party witness, by recalling him for deposition. Because Mr. Russell is a third party, and because KBI has not filed a motion to compel pursuant to Fed. R. Civ. P. 45, this Court cannot compel Mr. Russell to produce documents or sit for a second deposition.

Accordingly, this Court should (1) find that KHB did not waive the attorney-client privilege regarding communications between Mr. Henderson and Mr. Russell about the KIVA mark's availability for registration by KHB; (2) deny KBI's request to compel production of privileged communications; and (3) deny KBI's request for further depositions of Mr. Henderson and Mr. Russell.

---

[7] KBI's overreaching attempt to uncover privileged communications well beyond Mr. Russell's 2013 advice on the registrability of the KHB mark is further demonstrated by the deposition subpoena it issued to third party Seth Reiss, KHB's current trademark counsel. Mr. Reiss, was not party to Mr. Russell's 2013 communications with Mr. Henderson and nothing suggests otherwise. On its face, the interrogatory response solely relates to Mr. Russell's 2013 search, which results would have been stale by the time of KHB's 2016 application. KBI is improperly conflating Mr. Russell's 2013 registrability advice with Mr. Reiss' 2015 discussion relating to KBI.

5



|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: March 4, 2021 | GOODWIN PROCTER LLP |
|  | By: /s/ Brett Schuman<br>Brett Schuman<br>Jennifer Briggs Fisher<br>Jeremy Lateiner<br>Nicholas Costanza |
|  | Attorneys for Defendant/Counterclaimant<br>KIVA BRANDS INC |
| Dated: March 4, 2021 | WINSTON & STRAWN LLP |
|  | By: /s/ Laura M. Franco<br>Diana Hughes Leiden<br>Laura M. Franco<br>Leah Romm |
|  | Attorneys for Plaintiff/Counter-Defendant<br>KIVA HEALTH BRANDS LLC |

## ECF ATTESTATION

I, Brett Schuman, am the ECF User whose identification and password are being used to file this **JOINT DISCOVERY LETTER.** In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: March 4, 2021           By: /s/ Brett Schuman
                                   Brett Schuman