UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIVA HEALTH BRANDS LLC,<br>Plaintiff,<br>v.<br>KIVA BRANDS INC.,<br>Defendant. | Case No. 3:19-cv-03459-CRB (KAW)<br>**ORDER REGARDING 3/4/21 JOINT DISCOVERY LETTER RE ATTORNEY-CLIENT PRIVILEGE**<br>Re: Dkt. No. 113 |

On March 4, 2021, the parties filed a joint letter pertaining to whether Plaintiff Kiva Health Brands LLC ("KHB") waived attorney-client privilege in responding to Defendant Kiva Brands Inc.'s ("KBI") Interrogatory No. 6 with respect to communications between Plaintiff and its trademark counsel, John Russell, about whether its Kiva mark was available for registration. (Joint Letter, Dkt. No. 113 at 1.)

Specifically, Interrogatory No. 6 instructed KHB to "[d]escribe all due diligence or research performed by or for KHB prior to filing for registration of the KHB Marks." (Joint Letter, Ex. 1 at 2.) In response, KHB objected to the interrogatory "to the extent that it requests information protected by attorney/client and/or work product privilege." *Id.* KHB then answered, without waiving the objection, that it "retained an online trademark company to register the Kiva mark, which company advised KHB that it had searched the mark and concluded that the mark was available for registration." *Id.*

Here, KBI argues that KHB has waived attorney-client privilege by providing this response to Interrogatory No. 6. (Joint Letter at 1-3.) The Court disagrees. In fact, KHB did exactly what a party responding to an objectionable interrogatory is supposed to do: it raised a specific objection and then answered generally, subject to, and without waiving, the objection. Thus, KHB's

1 objection and response do not constitute waiver.

2 Second, KBI further argues that KHB waived privilege when Tchad Henderson testified that he relied on Mr. Russell's advice in registering the Kiva mark. (Joint Letter at 3.) In opposition, KHB argues that it is not relying on an advice of counsel defense, and that Mr. Henderson's testimony does not amount to asserting such a defense, because he merely confirmed the fact that Mr. Russell provided advice and that KHB followed his advice. (Joint Letter at 3-4.) The Court agrees.

Accordingly, the Court does not find that KHB waived attorney-client or work product privilege, and KBI's request to compel further discovery is DENIED.

IT IS SO ORDERED.

Dated: April 2, 2021

KANDIS A. WESTMORE
United States Magistrate Judge